UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

          Plaintiff,

    v.

H. CLAVIJO, et al.,

          Defendants.

Case No. 17-cv-04786-JST

**ORDER ON EX PARTE APPLICATION TO BE RELIEVED AS COUNSEL**

Re: ECF No. 126

Before the Court is Plaintiff's *Ex Parte* Application to be Relieved as Counsel. ECF No. 126. For the reasons stated herein, the Court stays consideration of the motion pending a statement from counsel.

## I.    BACKGROUND

Kilgore filed his *pro se* complaint nearly nine years ago, ECF No. 1, and represented himself through the motion to dismiss, ECF Nos. 26, 30, whereafter the Court appointed counsel through the Federal Pro Bono Project. ECF Nos. 97, 99. Finally, the case is nearing its end stages. ECF No. 127.[1]

Kilgore's appointed counsel filed a motion to be relieved, due to their changed employment. ECF No. 126. Fleming and Columbo inform the Court that they are departing Dhillon Law Group for an in-house role and to start a new firm, respectively, and that neither position would accommodate representing Kilgore *pro bono*. ECF No. 126-1 ¶¶ 2–3. Counsel informed the Federal Pro Bono Project of the departures, and the Federal Pro Bono Project is actively searching for new representation. ECF No. 126-1 ¶¶ 4, 6. Counsel declared that "[o]n

---

[1] The deadlines set forth in the Court's scheduling order, ECF No. 107, were stayed due to a pending motion to screen Kilgore's amended complaint. ECF No. 125.

May 20, 2026, [Fleming] notified Mr. Kilgore of my departure and the need to have a new attorney assigned to his matter. Written notice has also been provided to Mr. Kilgore, along with an update that the Federal Pro Bono Project was actively searching for new representation." *Id.* ¶ 5. The statement did not indicate whether Kilgore consented to counsel's withdrawal. ECF No. 126. Defendants do not oppose the motion. *Id.* at 3.

## II.   LEGAL STANDARD

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L. R. 11-5(a). "When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." *Id.* at 11-5(b).

Civil Local Rule 11-4(a)(1) further requires compliance with the standards of professional conduct required of members of the State Bar of California. California Rule of Professional Conduct 1.16 sets forth the ethical obligations of counsel when seeking to withdraw as counsel.

> "[A] lawyer may withdraw from representing a client if: . . . (6) the client knowingly and freely assents to termination of the representation; (7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;. . . (9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."

Cal. R. Prof'l Conduct 1.16(c). "A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)." *Id.* at 1.16(d).

The client's consent to withdrawal is not dispositive, but is one of the factors the Court considers, along with "the reasons counsel seeks to withdraw; the possible prejudice that withdrawal may cause to other litigants; the harm that withdrawal might cause to the

United States District Court
Northern District of California

United States District Court
Northern District of California

administration of justice; and the extent to which withdrawal will delay resolution of the case."

*Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citation omitted).  "Ultimately, the court's ruling must involve a balancing of the equities."  *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).

## III.   DISCUSSION

Counsel's motion to withdraw is missing some of the information the Court needs to make a decision.  Most importantly, counsel does not indicate whether Plaintiff Kilgore consents to withdrawal.  The Court also wishes to know whether counsel have procedures in place to comply with Rule 1.16(e)(1).  Finally, counsel is advised that any order granting leave to withdraw is likely to "be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se."  Civ. L.R. 11-5(b).

Counsel shall file a declaration under penalty of perjury within seven days addressing these concerns.

**IT IS SO ORDERED.**

Dated:  June 3, 2026

_____
JON S. TIGAR
United States District Judge