UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IVAN KILGORE,<br><br>Plaintiff,<br><br>v.<br><br>H. CLAVIJO, et al.,<br><br>Defendants. | Case No. 17-cv-04786-JST<br><br>**ORDER STRIKING AMENDED COMPLAINT AND TERMINATING SCREENING MOTION**<br><br>Re: ECF No. 112, 113 |

Before the Court is Plaintiff's amended complaint, ECF No. 112, and Defendants' Motion that the Court Screen Plaintiff's Amended Complaint Under 28 U.S.C. § 1915a. ECF No. 113. The Court will strike Plaintiff's amended complaint *sua sponte* and terminate Defendants' screening motion as moot.

## I.    BACKGROUND

Plaintiff Ivan Kilgore filed this case *pro se* in November 2017. ECF No. 1. Defendants moved to dismiss Kilgore's complaint, which motion the Court granted in part and denied in part. ECF No. 30. Defendants moved for summary judgment, which the Court granted in part and denied in part. ECF Nos. 45, 90. The Court then appointed counsel for Kilgore through the Federal Pro Bono Project, ECF Nos. 97, 99, and set a case schedule. ECF No 107. The Court set a deadline to add parties or to amend the pleadings as November 6, 2025, after which "a party may still seek amendment, but must demonstrate good cause. Fed. R. Civ. P. 16(b)(4)." *Id.* at 1 & n.1. Kilgore did not move to amend his complaint, but instead simply docketed an amended complaint on November 6, 2025. ECF No. 112. Defendants moved this Court to screen the amended complaint under 28 U.S.C. § 1915a, ECF No. 113, which Kilgore opposed. ECF No. 119.

Rule 15(a) provides that:

United States District Court
Northern District of California

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). Rule 15(b) makes clear that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(b). The deadline set forth in the Court's scheduling order changed the burden on plaintiff if he wished to amend the operative complaint. Before that date, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(b), but that date after the plaintiff was required to show "good cause." ECF No. 107 n.1; *AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*, No. 20-cv-8624-JST, 2025 WL 2021885, at *2 (N.D. Cal. July 18, 2025) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)). What the order did not do was change the burden on Kilgore under Rule 15 to obtain leave of court if he wished to amend his complaint.

Kilgore's secured neither Defendants' written consent or the Court's leave before filing his amended complaint on the docket. Fed. R. Civ. 15(b). The Court will therefore strike it. *See White v. Bindler*, No. 25-cv-8605-JST, 2026 WL 104230, at *1 (N.D. Cal. Jan. 14, 2026) (noting that plaintiff "was not entitled to file any of his subsequent complaints because he did not obtain leave of court").

## CONCLUSION

Plaintiff's amended complaint is hereby stricken. ECF No. 112. The original complaint at ECF No. 1 is the operative complaint in this action. The Court terminates as moot Defendant's Motion that the Court Screen Plaintiff's Amended Complaint Under 28 U.S.C. § 1915a. ECF No. 113.

**IT IS SO ORDERED.**

Dated: June 3, 2026



_____
JON S. TIGAR
United States District Judge